IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01566-KAS

WALTER ALEXANDER QUINTANILLA RAMIREZ,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility (Aurora),
GEORGE VALDEZ,[1] Director of Denver Field Office, U.S. Immigration and Customs Enforcement,
TODD BLANCHE, Acting U.S. Attorney General,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
TODD M. LYONS, Acting Director U.S. Immigration and Customs Enforcement.

     Respondents.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1] (the "Petition"), which was filed by Walter Alexander Quintanilla Ramirez ("Petitioner").[2] The Court ordered Respondents to show cause within five days of service why the Petition should not be granted. *Order to Show Cause* [#4]. Respondents filed an Answer [#9] (the "Response"). The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the Court **ORDERS** that the Petition [#1] be **GRANTED in part**.

---

[1] Petitioner names Robert G. Hagan as the Director of U.S. Immigration and Customs Enforcement. Mr. Valdez is automatically substituted in Mr. Hagan's place pursuant to Fed. R. Civ. P. 25(d).

[2] This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), on consent of the parties. *See* [#7, #8].

## I.    Background

Petitioner, Walter Alexander Quintanilla Ramirez, a citizen of El Salvador and a noncitizen of the United States, has been in immigration detention since approximately February 4, 2026. *Petition* [#1] ¶¶ 1, 40. At the time of filing his Petition, Petitioner had been detained at the Denver Contract Detention Facility in Aurora, Colorado, for nearly ten weeks. *Id*.

Petitioner states that he entered the United States in 2018 and that he has not left the country since. *Id*. Petitioner acknowledges that he was detained when he entered the United States but notes that he was released on his own recognizance shortly thereafter; there is no indication that he had ever been arrested, apprehended or detained at any other time after he entered the United States or before his February 4, 2026 detention or that he has otherwise ever been charged with any crime. *See generally Petition* [#1]; *Response* [#9]. Petitioner states that he has not been provided with a bond hearing. *Petition* [#1] ¶ 2. He also states that he was arrested without a warrant specifically for his arrest. *Id*. ¶ 42.

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *Response* [#8] at 2. Petitioner raises several arguments as to why his continued detention is illegitimate, including that Respondents have violated his Fifth Amendment substantive due process rights, *see Petition* [#1] ¶¶ 43-47; that Respondents have violated his Fifth Amendment procedural due process rights by not providing him with a bond hearing, *see Petition* [#1] ¶¶ 48-52; and that the Government's application of § 1225(b) in his case violates the Immigration and Nationality Act because Petitioner is instead entitled to a bond hearing under § 1226(a). *See Petition* [#1] ¶¶ 53-60. Petitioner has sued Juan

2

Baltazar, the Warden of the Denver Contract Detention Facility; Robert Hagan, the Field Office Director for the Denver Field Office for Immigrations and Customs Enforcement ("ICE"); Markwayne Mullin, the Secretary of the Department of Homeland Security; Todd Blanche, the Acting United States Attorney General; and Todd M. Lyons, the Acting Director of ICE. *Id*. ¶¶ 15-19. Each individual defendant is sued in his official capacity. *Id*.

This matter is ripe for disposition. No party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## II.    Legal Standard

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.    Analysis

Petitioner's procedural due process claim turns on whether Respondents may properly detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond

3

hearing. The Court summarizes the relevant statutory framework before turning to the issues raised in the Petition.

## A.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)-(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen) (emphasis added). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an [noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under § 1225(a)(1), an "applicant for admission" is

> [A noncitizen] present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including [a noncitizen] who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297) (other citations omitted).

## B.    Application

Respondents cursorily argue that § 1225(b)(2)(A) requires Petitioner's detention and, therefore, he is not entitled to a bond hearing. *Response* [#8] at 2-5. As Respondents acknowledge, "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by [ICE] under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing." *Id*. at 2. As Respondents further acknowledge, however, "[t]his issue is not materially different from an issue this Court has resolved in a prior recommendation in another case[,]" *id*.; namely, the recommendation in *Kumar v. Lyons et al.*, 26-cv-00913-NYW-KAS. And Respondents further acknowledge that "until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision[.]" *Response* [#8] at 3. Moreover, Respondents have cited no binding authority in perfunctorily arguing that the Court should reconsider its prior ruling.

The Court agrees with Respondents that the analysis in the Court's *Kumar* recommendation also governs here. And Respondents have provided no reason to revisit that ruling. However, the Court acknowledges that the respondents in *Kumar* have filed

5

an objection to the Court's recommendation and that objection has not yet been adjudicated. *See Kumar*, 26-cv-00913-NYW-KAS, *Resp'ts' Obj.* [#25]. Nonetheless, that objection provides no reason for the Court to second-guess its decision here. In *Kumar*, the respondents argued that the Court inappositely relied on *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025), because the petitioner in *Loa Caballero* was *not* apprehended shortly after he entered the United States, but the *Kumar* petitioner was.

Here, Petitioner was also apprehended shortly after he entered the United States, but soon thereafter was released on his own recognizance. *See Petition* [#1] ¶ 1. However, this does not render *Loa Caballero* inapposite. Although the respondents in *Kumar* asserted that the ruling in *Loa Caballero* hinges on the premise that the petitioner was not detained at the border when he first entered the United States, this assertion is incorrect. In interpreting the interplay between § 1225 and § 1226, the *Loa Caballero* court noted, for instance, that "simply put, noncitizens who are just present in the country, who have been here for years upon years and never proceeded to obtain any form of citizenship, are not 'seeking' admission under § 1225(b)(2)(A)." *Loa Caballero*, 2025 WL 2977650, at *6 (cleaned up) (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)). This statement clearly and unambiguously summarizes the court's ultimate conclusion: "[a]s § 1225(b)(2)(A) applies only to those noncitizens who are actively 'seeking admission' to the United States, it cannot, according to its ordinary meaning, apply to [persons who have] already been residing in the United States for several years." *Id*. (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 (S.D.N.Y. 2025)). The court further concluded that, because "Mr. Loa Caballero has been present

in the United States since approximately 2006. . . . notwithstanding any lack of lawful status, Petitioner was not seeking lawful entry into the United States at the time he was detained—he was already here. . . . [and] was thus not 'seeking admission' and [therefore] is not subject to § 1225(b)(2)(A)'s mandatory detention provision." *Id.* at *7. Nowhere does the *Loa Caballero* court rely on the idea that the petitioner crossed the border without being detained when he first entered the United States.

The respondents in *Kumar* also sought to distinguish *Loa Caballero* from *Kumar* because the *Kumar* petitioner had not been in the country for "years upon years," unlike the *Loa Caballero* petitioner, but instead had entered the country less than three years ago. *Kumar*, 26-cv-00913-NYW-KAS, *Resp'ts' Obj.* [#25] at 5-6. Here, however, Petitioner *has* been in the country for "years upon years"; he entered the United States in 2018 and was not re-detained until 2026. *See Petition* [#1] ¶ 1. Moreover, courts within this District and nationwide overwhelmingly and routinely find that § 1225(b)(2)(A)'s mandatory detention provision does not apply to petitioners who have resided in the United States for more than *two* years, regardless of whether they were detained when they first entered the United States. *See, e.g.*, *Merchan-Pacheo v. Noem*, No. 25-cv-03860-SBP, 2026 WL 88526, at *9 (D. Colo. Jan. 12, 2026) (collecting cases). Accordingly, this purported distinction emphasized by the *Kumar* respondents does not apply here.

The Court therefore refers the parties to its analysis in *Kumar*, finding that the due process analysis provided in that case also applies here. Accordingly, Petitioner is entitled to, at minimum, a bond hearing because his continued detention without a bond hearing violates his due process rights.

**C.      Appropriate Remedy**

Although Petitioner's arguments primarily reflect the idea that he should receive a bond hearing pursuant to § 1226, in his Prayer for Relief, Petitioner instead requests that he be immediately released. *See* Prayer for Relief, *Petition* [#1] at 21. In support of his request for immediate release, Petitioner argues that he was not arrested pursuant to a warrant, that § 1226(a) "requires that a noncitizen may only be arrested pursuant to a warrant issued by the Attorney General[,]" and that "[a]ccordingly, no lawful basis for Petitioner's detention exists" under either § 1225 or § 1226. *Petition* [#1] ¶ 60.

Respondents fail to address whether Petitioner was arrested pursuant to a warrant. *See generally Response* [#8]. Furthermore, while Respondents argue that "the appropriate relief [here] is for the Court to direct a bond hearing be conducted pursuant to § 1226(a) before an immigration judge" and that the Court "should not order immediate release" because other courts in this District have instead awarded bond hearings in this context, *see id*. at 4, Respondents do not address whether the "warrantless detention" issue raised here was also raised before those courts.

The Court agrees with Respondents that, as explained in *Kumar*, § 1226(a) generally "'does not require release,' but instead 'provides DHS the discretion to grant [a noncitizen] release on bond[.]" *Kumar*, 26-cv-00913-NYW-KAS, *Recommendation* [#23] at 9 (quoting *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). However, the Court also agrees with Petitioner that "issuance of a warrant, as well as detention pursuant to it, is a condition that must be satisfied in order to justify discretionary detention under § 1226(a)" in the first place. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025); *see*

8

*also, e.g.*, *Singh v. Bondi*, No. 26-cv-43-J, 2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026), *report and recommendation adopted*, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026) (concluding that a warrantless arrest was improper, meriting petitioner's immediate release, because "under § 1226(a), a noncitizen may only be arrested and detained '[o]n a warrant issued by the Attorney General.'"); *Morelos Valdovinos v. Noem*, No. 26-cv-0338 JB/DLM, 2026 WL 948285, at *5-6 (D.N.M. Apr. 8, 2026) (noting that warrantless arrest in this context is permitted "only in narrow [statutorily-excepted] circumstances" and that the respondents' failure to establish either a warrant's existence or that a statutory exception applied warranted a petitioner's immediate release). Here, the Court finds that Respondents have failed to establish that they have satisfied that condition.

However, the Court will grant Respondents a final opportunity to show that they have detained Petitioner pursuant to a warrant. The Court orders Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited [than this Court] to consider whether Petitioner poses a flight risk and a danger to the community." *Loa Caballero*, 2025 WL 2977650, at *9. At this bond hearing, Respondents must also "bear the burden of showing that Petitioner was detained pursuant to a warrant in order to justify his initial and continued detention." *Garcia Cortes*, 2025 WL 2652880, at *5 (imposing this requirement instead of immediately releasing petitioner where respondents failed to show that they had detained petitioner pursuant to a warrant). If Respondents fail to make this showing, Respondents must release Petitioner immediately without requiring him to post bond.

Finally, the court notes that at the bond hearing, Respondents will bear the burden of proof by clear and convincing evidence. *Kumar*, 26-cv-00913-NYW-KAS,

9

*Recommendation* [#23] at 9-10 (joining other courts in this district concluding that in this context, the government bears the burden of proof by clear and convincing evidence).

### IV.    Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Petition [#1] be **GRANTED in part**.

IT IS FURTHER **ORDERED** that Respondents shall provide Petitioner a bond hearing no later than **May 14, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. The Government shall also bear the burden of proving, by clear and convincing evidence, that Petitioner was detained pursuant to a warrant. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**.

IT IS FURTHER **ORDERED** that, on or before **May 19, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted, including any findings as to whether Petitioner was detained pursuant to a warrant, or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

Dated: May 6, 2026                                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge