IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01566-KAS

WALTER ALEXANDER QUINTANILLA RAMIREZ (A#215-581-534),

     Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility (Aurora),
GEORGE VALDEZ, Director of Denver Field Office, U.S. Immigration and Customs Enforcement,
TODD BLANCHE, Acting U.S. Attorney General,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
TODD M. LYONS, Acting Director U.S. Immigration and Customs Enforcement,

     Respondents.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Petitioner's **Motion to Reopen Case and Enforce** [#18] (the "Motion to Reopen Case") and **Motion for Temporary Restraining Order** [#20].

On May 6, 2026, the Court granted Petitioner's Application for Writ of Habeas Corpus [#1] and ordered Respondents to provide Petitioner with a bond hearing by no later than May 14, 2026. *See Order* [#10]. This deadline was later extended to May 15, 2026. *See Order* [#12]. On May 14, 2026, Respondents filed a status report informing the court that on May 15, 2026, Petitioner was provided with a bond hearing before an immigration judge. *See Status Report* [#13]. The Court then found that Petitioner had received the relief the Court had granted and that no further proceedings in this matter were required; thus, the Court directed the Clerk of Court to terminate the case. *Minute Order* [#14]. Final Judgment was entered on May 21, 2026, *see* [#15].

Petitioner has since moved to reopen this case, arguing that Respondents did not meaningfully comply with the Court's order directing Respondents to provide Petitioner with a bond hearing. *See generally Motion to Reopen Case* [#18]. In support of this assertion, Petitioner alleges that Respondents failed to meet their burden of proof at the bond hearing, that Petitioner's bond hearing did not comport with applicable due process requirements, and that Petitioner was effectively deprived of his right to counsel at the bond hearing due to procedural defects with its scheduling. *See id.* at 8-13. Petitioner

also separately requests that the Court grant him a temporary restraining order enjoining Respondents from removing him from the United States and from transferring him outside of the jurisdiction of the Court until the Court resolves the Motion to Reopen Case [#18]. *See Motion for Temporary Restraining Order* [#20] at 1.

On review of the Motion to Reopen Case [#18] and the Motion for Temporary Restraining Order [#20], the Court finds good cause to preserve its jurisdiction until it rules on the Motion to Reopen Case [#18]. Additionally, the Court requires Respondents to file their response to the Motion to Reopen Case [#18] by no later than August 17, 2026. Any reply from Petitioner to Respondents' Response is due no later than August 24, 2026.

The Court further finds it necessary to hold a Motion Hearing regarding the Motion to Reopen Case [#18]. Accordingly,

IT IS HEREBY **ORDERED** that a Motion Hearing regarding the Motion to Reopen Case [#18] is SET for September 4, 2026, at 9:30 a.m. in Courtroom A-501, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

IT IS FURTHER **ORDERED** that Respondents shall file their response to the Motion to Reopen Case [#18] by no later than **August 17, 2026** and Petitioner shall file his reply regarding the Motion to Reopen Case [#18] by no later than **August 24, 2026**.

IT IS FURTHER **ORDERED** that pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the Tenth Circuit Court of Appeals vacates this Order.

IT IS FURTHER **ORDERED** that the Motion for Restraining Order [#20] is **DENIED as moot**.

Dated: August 11, 2026

2